IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JOHNNY BURNS** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Civil Action No. |
| v. | : | _____ |
| | : | |
| **FLOOD BROS., INC.,** | : | **Jury Trial Demanded** |
| **AND JOHN FLOOD,** | : | |
| **INDIVIDUALLY** | : | |
| **Defendants.** | : | |
| _____ | | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff JOHHNY BURNS ("Plaintiff" or "Burns"), by and through the undersigned counsel of record, and files this Complaint for Damages against Defendants FLOOD BROTHERS, INC. and JOHN FLOOD ("Flood Brothers" and "John," respectively, and "Defendants" collectively), respectfully showing the Court as follows:

1.

Plaintiff was an employee of the Defendants and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and the FLSA.

3.

Venue in this district and division is proper under 28 U.S.C. § 1391, as Defendant maintains a place of business in the Northern District of Georgia, Atlanta Division, and the unlawful conduct complained of herein occurred in this district and division.

4.

This Court has the authority to grant Plaintiff declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201, *et seq.*

## PARTIES

5.

Johnny Burns:

Plaintiff Johnny Burns is a citizen of the United States entitled to bring actions of this nature and type. Plaintiff is a resident of the State of Georgia and subject to the jurisdiction of this Court.

6.

At all times relevant to this action Plaintiff was employed by Defendant within the meaning of FLSA § 3(e), 29 U.S.C. §203(e). Plaintiff performed non-exempt work for Defendants within the last three (3) years.

7.

Plaintiff was paid an hourly rate of $15 for his services from September, 2012 to June, 2015. After being rehired he was paid an hourly rate of $12.

8.

Plaintiff did not have independent discretion or decision-making authority as to any business related decisions; all of Plaintiff's actions and job duties were undertaken at the explicit direction of his supervisor, or otherwise required approval from the same.

9.

Plaintiff was not responsible for hiring, firing, or reviewing Defendant's employees.

10.

Plaintiff did not have the authority to exercise disciplinary measures for any employees.

11.

Plaintiff exercised minimal independent discretion in the duties and tasks he performed while employed by Defendant.

12.

Flood Brothers:

Defendant maintains its principal place of business at 610 Waterfront Drive Atlanta, GA 30336 and is subject to the jurisdiction of this Court. Defendant may be served by delivering process to its Registered Agent, John Flood, at 290 Carpenter Drive., Building 300, Fulton, Atlanta, Georgia, 30328.

13.

Flood Brothers is a domestic for-profit company qualified and licensed to do business in the State of Georgia. At all times relevant to this action, Defendant has conducted business within this district.

14.

During Plaintiff's employment with Defendants, Flood Brothers earned more than $500,000 per year in gross sales.

15.

During Plaintiff's employment with Defendants, Flood Brothers employed two or more employees which handled goods, materials, and supplies which had travelled in interstate commerce.

16.

Included in such goods, materials, and supplies were computers, telephones, vehicles, office equipment and furniture, modular systems, as well as numerous other goods, materials, and supplies which had been carried in interstate commerce.

17.

Thus, Flood Brothers is an enterprise covered by the FLSA, as defined 29 U.S.C. § 203(r) and (s).

18.

John Flood:

At all times relevant to this action, John Flood was an individual resident of the State of Georgia, who owned and operated Flood Brothers, and who regularly exercised the authority to: (a) hire and fire employees, (b) determine the work schedules for employees, and (c) control the finances and operations of Flood Brothers.

19.

By virtue of having regularly exercised that authority on behalf of Flood Brothers, John Flood is an employer as defined by 29 U.S.C. § 201, *et seq*.

## **FLSA VIOLATIONS**

20.

At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff proper overtime compensation for overtime hours worked by him.

21.

Specifically, Plaintiff worked overtime hours for Defendants, but was not paid at all, and in some instances, was paid at his regular rate, as opposed to one-and-one-half of his regular rate, as required by the FLSA.

22.

Plaintiff was regularly directed by management to be at his work site well before the scheduled start of his shift. However, he was not permitted to clock in until his shift officially began. He was not compensated for any of this time.

## **STATEMENT OF FACTS**

**I)     Background**

23.

Plaintiff—a 39 year old African-American male—was first hired by Defendant as IT Team Lead on or around September 2012.

24.

Plaintiff performed his duties as required and, in the process, worked at least one-thousand hours of overtime for Flood Brothers without being appropriately compensated for such.

25.

As Team Lead, Plaintiff would receive emails from Operations Management at Flood Brothers indicating at what time he and his crew should be on site for that day's job and at what time they should clock in.

26.

The result of this practice was that Plaintiff and his crew were required to be at work for several hours each day for which they received no compensation.

27.

Plaintiff brought several complaints about this practice to management, on behalf of himself as well as his crew. Management dismissed his concerns at every juncture.

28.

Plaintiff attempted to rectify this by submitting time sheets that began at the mandated arrival time, only to have them amended to the 'official' start time by management. Plaintiff was never compensated for these wasted hours.

29.

In addition, because the nature of the work required Plaintiff and his crew to remain on the job until that day's move was complete, Plaintiff was also generally required to put in a substantial amount of on-the-clock overtime. Indeed, seventy (70) to eighty (80) hour work weeks were commonplace. Plaintiff was only paid his regular rate for these hours.

30.

In 2013, employees unrelated to the current action brought a class action lawsuit against Flood Brothers, alleging the latter had violated the FLSA by failing to compensate them for overtime hours they had worked.

31.

Plaintiff continued to convey worker concerns to management regarding unpaid overtime.

32.

Plaintiff was fired, for the first time in June 2015, after being wrongfully accused of stealing a company vehicle. It was later found that another employee had simply driven the wrong vehicle home.

33.

In April 2016, Flood Brothers employees unrelated to the current action again sued the company for FLSA violations.

34.

Plaintiff was rehired by Flood Brothers in September 2016 because "the IT team needed him."

35.

During his second stint with Flood Brothers, Plaintiff again contended with orders to arrive early but remain off the clock. Likewise, his work weeks were consistently longer than forty (40) hours. Plaintiff was still either not compensated, in the former case, or not appropriately compensated, in the latter.

36.

On July 14, 2017, Plaintiff was leading an in-house move, transporting computers from one floor to another. During the course of the move, one of his co-workers noticed a cell phone in one of the otherwise empty rooms. As is customary, his team member brought him the phone for safekeeping.

37.

A short time later, the owner of the phone dialed the owner's phone number, Plaintiff answered, and the two arranged to meet so that Plaintiff could return the

phone. The two met in a nearby hallway and Plaintiff returned the phone without incident.

38.

The owner of the phone did not file a complaint.

39.

On July 17, 2017, the work schedule for the new week was released. When Plaintiff discovered his name was not on the schedule he called the Operations Manager, Mr. Bryan Robinson, to inquire. Mr. Robinson informed Plaintiff that the Vice President, Mr. Chris Ward, had asked Mr. Robinson to terminate Plaintiff because of "the situation with the phone."

40.

The stated reason for Plaintiff's termination was pretext.  In reality, Plaintiff was fired in retaliation for Plaintiff's inquiries into overtime compensation.

## COUNT I
## FLSA VIOLATION – 29 U.S.C. § 207(A)(1)

41.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

42.

During the relevant time period, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203 (e)(1).

43.

During the relevant time period, Plaintiff regularly worked more than 40 hours per workweek. Plaintiff was entitled to be paid one-and-one-half times his regular rate for each hour worked in excess of 40 per work week.

44.

Throughout both periods of his employment with Defendants, Plaintiff was paid nothing for the hours he spent at worksites before he was permitted to clock in.

45.

Throughout both periods of his employment with Defendants, Plaintiff was paid only straight time for those hours in excess of 40 per week for which he was permitted to be on the clock.

46.

Defendants' actions, policies, and/or practices described therefore violate the FLSA, 29 U.S.C. § 207.

47.

Under any interpretation of the terms, Defendants' conduct in violation of the FLSA was both willful and in bad faith.

48.

As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff complete overtime compensation for the overtime hours he worked, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

49.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff therefore seeks to recover unpaid overtime wages, liquidated damages in an amount equal thereto, reasonable attorneys' fees, and the costs of this litigation.

## COUNT II
## FLSA RETALIATION – 29 U.S.C. § 207(A)(1)

50.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

51.

Because Plaintiff consistently raised concerns about unpaid overtime, Defendants were, or should have been, put on notice that Plaintiff was asserting the right to proper overtime compensation under the FLSA.

52.

In taking these complaints to Defendants, Plaintiff engaged in activity protected under 29 U.S.C. § 215(a)(3).

53.

Plaintiff had previously been terminated by Defendants for a theft that he did not commit.

54.

No one outside of Mr. Ward, including the owner of the allegedly stolen phone, claims that Plaintiff stole the phone or even attempted to do so.

55.

This alleged theft was the sole reason provided by Defendants for Plaintiff's termination, and because it is clear that no theft was even alleged by anyone other than Defendants, such theft was a mere pretext. It was meant to disguise the fact that Defendants impermissibly fired Plaintiff for the troublesome behavior of asserting his rights under the FLSA.

56.

Because of Defendants' violations of the FLSA, Plaintiff has suffered economic and reputational damages, as well as incurring the reasonable costs of litigation associated with this matter.

57.

Plaintiff therefore is entitled to liquidated damages and recovery of the costs of litigation.

58.

Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(2)   Grant declaratory judgment that Plaintiff's rights under the FLSA were violated;

(3)   Award compensatory damages in an amount to be determined by a jury;

(4)   Award appropriate back overtime pay, reimbursement for lost salary, and compensation for other damages in amounts to be shown at trial;

(5)   Award prejudgment interest on any award of back pay made by the jury as required by law;

(6)   Award liquidated damages equal to any back pay for Defendant's willful violations of the FLSA;

(7) Award punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

(8) Award Plaintiff attorneys' fees, costs, and disbursements; and

(9) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 28th day of August, 2017.

    **/s/ Regina S. Molden**
Regina S. Molden
Georgia Bar No. 515454

**MOLDEN & ASSOCIATES**
Peachtree Center – Harris Tower
233 Peachtree Street, NE, Suite 1245
Atlanta, Georgia 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: rmolden@moldenlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 o the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ **Regina S. Molden**
Regina S. Molden
Georgia Bar No. 515454